IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKARD DENNIS ANDERSON,

    Petitioner,                    No. CIV S-08-2372 EFB P

    vs.

MICHAEL MARTEL, Acting Warden,[1]

    Respondent.                ORDER AND
                                                FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. He seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Examination of his supporting affidavit reveals that he is unable to afford the costs of suit. However, this does not end the inquiry. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and finds that it must be dismissed for failure to state a cognizable claim.

       Petitioner filed his petition for habeas corpus using the form petition. In the location of the form where he must state the date of the judgment that he intends to challenge, petitioner wrote June 23, 2003, November 22, 2003, and October 29, 2005. Although it is unclear, it

---

[1] Acting Warden Michael Martel is substituted as respondent. *See* Rule 2(a), Rules Governing § 2254 Proceedings; Fed. R. Civ. P. 25(d).

1

appears that three different judgments were entered.  It is also unclear with judgment he seeks to challenge or whether petitioner is attempting to challenge all three.

His first ground for relief asserts the following cryptic comments:

> Kangaroee court, mock trials; state gag trials; electro shock;(brain); sex (racism) Police, Sheriffs; officials abducted (me) Ricky Anderson; from Market St.; SF.CA; 1954; and practiced sex assaults; in/at Orlando Hotel, 995 Orlando (Howard) St. Mission St; and conspired to deprive me of life, limb, property; thereafter for/since 1954; to 1985; & caused loss of constitutional rts.

Petition, at 5.  His other grounds for relief are equally inscrutable and it simply cannot be determined what relief is sought and the basis for that relief.

The law governing a federal court's initial review of an application for a writ of habeas corpus is well-established.  A district court must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A judge entertaining a habeas petition "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground and state the relief requested.  Rule 2, Rules Governing § 2254 Cases.  The petition must be dismissed if on initial review the court finds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Proceedings.  While under Ninth Circuit precedent, this court must liberally construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*, 465 F.3d 694, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations not supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

Having reviewed the entire petition in detail, the court finds that, even liberally construed, petitioner's allegations come nowhere close to satisfying the pleading standard for

1 habeas petition. Petitioner lists three different dates on which judgments of conviction appear to
2 have been entered. It is not clear which judgment petitioner intends to challenge. Furthermore,
3 the court cannot make sense of the grounds for relief. Therefore, it appears from the application
4 that petitioner is not entitled to habeas relief and the petition must be dismissed.

Accordingly, it is hereby ORDERED that:

1. Petitioner's request for leave to proceed *in forma pauperis* is granted;

2. The Clerk of the Court shall serve a copy of these Findings and Recommendations and a copy of the October 7, 2008, petition with any and all attachments be served on Michael Patrick Farrell, Senior Assistant Attorney General for the State of California; and,

3. The Clerk of the Court shall randomly assign a District Judge to this case.

It further is RECOMMENDED that:

1. This action be dismissed on the ground that it does not appear that petitioner is entitled to habeas corpus relief; and,

2. The District Judge's order be served on Michael Patrick Farrell, Senior Assistant Attorney General for the State of California.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 19, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE